Filed 6/16/23 P. v. Duffey CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061652 |
| v. | (Super. Ct. No. 06NF2865) |
| NEIL DEONTRAI DUFFEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan Fish, Judge. Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

Defendant Neil Deontrai Duffey appeals from an order denying his petition for resentencing made pursuant to formal Penal Code section 1170.95 (now Pen. Code, § 1172.6).[1] His appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 to inform the court that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration. Defendant was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *People v. Delgadillo* that if no supplemental brief was filed, the court might dismiss the appeal as abandoned.

Defendant did not file a supplemental brief. We nonetheless exercise our discretion to conduct an independent review of the record. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) We have conducted our independent review, find no arguable issues on appeal, and conclude the issue suggested by counsel does not have merit. Accordingly, we affirm the postjudgment order.

FACTS

A jury convicted defendant of two counts of attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a); counts 2 & 3) and two counts of second degree robbery (§§ 212, 212.5, subd. (c); counts 4 & 5). As to both attempted murder counts, the jury found to be true the allegations that defendant willfully, deliberately, and with premeditation committed the offense of attempted murder. As to all counts, the jury found to be true that defendant used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), personally discharged a

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We shall use the current Penal Code section number throughout our opinion.

All statutory references are to the Penal Code.

2

firearm causing great bodily injury (§ 12022.53, subd. (d)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

The trial court sentenced defendant to two consecutive terms of seven years to life for each of the premeditated attempted murder counts and two consecutive terms of 25 years to life for each of the gun enhancements. (§ 12022.5, subd. (d).) Execution of sentence under the two robbery counts, the great bodily injury enhancements, and the remaining firearm enhancements was stayed pursuant to section 654.

## PETITION FOR RESENTENCING

In January 2022, defendant filed a petition for resentencing pursuant to section 1172.6. He alleged: (1) the information against him allowed the prosecution to proceed under a theory of felony attempted murder, attempted murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) he was convicted of attempted murder following a trial; and (3) he could not presently be convicted of attempted murder due to changes made to section 188 and 189. Defendant was appointed counsel.

The district attorney filed a response to the petition for resentencing. The district attorney argued that although the jury had been instructed on the natural and probable consequences doctrine, that instruction had been modified so that it applied only to a codefendant. In addition, the district attorney argued the jury found defendant "willfully, deliberately and with premeditation" committed the crime of attempted murder, personally used a firearm during the commission of attempted murder, personally discharged a firearm during the commission of attempted murder, and the discharge of the firearm caused great bodily injury. The district attorney submitted exhibits, including the jury instructions, which showed the natural and probable consequences instruction applied only to the codefendant.

Defendant's counsel filed a reply in support of the petition for resentencing. Counsel argued the petition for resentencing made a prima facie case for relief under section 1172.6 and requested the court to conduct a hearing in order to make that determination.

On July 29, 2022, the trial court conducted a hearing pursuant to section 1172.6, subdivision (c) to determine whether defendant had made a prima facie case for relief. After hearing argument from counsel, the court denied the petition for resentencing without issuing an order to show cause and placed its reasons for doing so on the record. In compliance with section 1172.6, subdivision (c), the court also issued a written statement setting forth its reasons. The statement reads: "The court has reviewed the motions and the exhibits submitted: the petition, the Information, the court minutes, the appellate opinion filed June 14, 2010 in the Superior Court (G044032), two Abstracts of Judgment, the jury verdict forms and the trial jury instructions. The court relies specifically and solely upon the jury instructions and verdict forms as they relate to the substantive count. [¶] There has been no showing of a *prima facie* case that [defendant] was convicted under any now-void legal theory of Attempted Murder as described in section [1172.6]. [¶] Relating to the two counts of Attempted Murder, the jury was instructed generally on aiding and abetting ('Cal Crim' 400-[4]01) and the elements of attempted murder ('Cal Crim' 600). As it relates to [defendants]'s codefendant, . . . the jury was instructed on Aiding and Abetting with the Natural and Probable Consequences relating to the target and non-target offenses ('Cal Crim' 402). The only theories of guilt instructed upon, as it relates to [defendant], required the finding of a 'specific intent to kill.' Therefore, he was convicted under a still-viable definition of Attempted Murder."

ISSUE SUGGESTED BY COUNSEL

We have examined the entire appellate record and have found no arguable issues on appeal. Defendant's counsel suggests we address the following issue: "Did the

4

court err in denying the petition at the prima facie stage and were the proper procedures followed?" Our review of the record confirms the correct procedures under section 1172.6 were followed and the trial court did not err by finding defendant had not made a prima facie case for relief.

## DISPOSITION

The postjudgment order is affirmed.



SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.